1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  Bruce Derrick Calhoun, | Civil No. 12cv2596 AJB (JMA) |
| 11           Plaintiff, | ORDER DISMISSING PLAINTIFF'S |
|     v. | COMPLAINT WITH PREJUDICE; |
| 12 | DENYING PLAINTIFF'S MOTION TO |
|     San Diego County; Sheriff Dept.; Silvercrest | PROCEED IN FORMA PAUPERIS AND |
| 13  Apts.; U.S. Grant Plaza Hotel; FBI, S.D.; | PLAINTIFF'S REQUEST FOR |
|     U.N.; Department of Veteran Affairs; VASH- | APPOINTMENT OF COUNSEL AS |
| 14  HUD Section 8; MTS; Pert; Albtersons; | MOOT; AND DECLARING PLAINTIFF |
|     Nexus Physical Therapy; U.S. Courts; Chase; | BRUCE D. CALHOUN TO BE A |
| 15  McDonalds; ARCO; Rite Aide; O'Riely | VEXATIOUS LITIGANT |
|     Parts; Starbucks; Walgreens; Edward J. | |
| 16  Schwartz Federal Building; Hall of Justice; | |
|     San Diego County Courthouse; AT&T; NBC | |
| 17  San Diego; Bar Association; U.S. Marshals; | |
|     U.S. Navy; U.S. Marines; Court Security; | |
| 18  Justice Dept.; Edward J. Schwartz United | |
|     States Courthouse; Risk Management; Scott | |
| 19  Davidson; Kris Griffin; City of San Diego | |
|     Public Liability; Grand Jury; SDG&E; | |
| 20  Maleka Parker; Dr. Frankel; Joseph Dreyer; | |
|     Roxanne Rivers, | |
| 21 | |
|            Defendants. | |
| 22 | |

23

24        Pending are Plaintiff's Request for Appointment of Counsel (Doc. No. 2) and Plaintiff's Motion

25   to Proceed *In Forma Pauperis* (hereinafter referred to as "IFP") (Doc. No. 3).  Also pending is the

26   Court's Order to show cause why the Court should not find Plaintiff vexatious (hereinafter referred to as

27   the "OSC")(Doc. No. 4) and Plaintiff's Response to the Court's OSC (Doc. No. 10).

28

1

*Background*

2         On October 24, 2012, Plaintiff Bruce Derrick Calhoun, proceeding pro se, filed a Complaint

3  against Defendants, alleging multiple counts of attempted murder and the murder of his family and

4  friends.  (Doc. No. 1.)  To date, Plaintiff has filed twenty-six separate complaints in this court against

5  San Diego County and various other defendants containing the same allegations of attempted murder

6  and corruption.  All but one of Plaintiff's complaints[1] have been dismissed for failure to state a claim

7  upon which relief may be granted.[2]  Although the named defendants differ slightly in each complaint,

8  Plaintiff's allegations in the instant action are nearly identical to those in all of his other complaints.

9

10  **A.  PLAINTIFF'S MOTION TO PROCEED IFP**

11         The Court first considers Plaintiff's Motion to Proceed IFP.  The Ninth Circuit has indicated that

12  leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) is properly granted only when the plaintiff has

13  both demonstrated poverty and presented a claim that is not factually or legally frivolous within the

14  definition of § 1915(e)(2)(B).  *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th

15  ───────────────

16      [1] The sole case that was not dismissed for failure to state a claim upon which relief may be
granted was closed on procedural grounds before the Court reached the merits of Plaintiff's claims.
17  *Calhoun v. San Diego County*, et al., 10-cv-00271 (S.D. Cal. Feb. 4, 2010).  The case was closed after
Plaintiff's failure to reinstate the case after the denial of Plaintiff's Motion to Proceed *In Forma
18  Pauperis* by paying the Court's filing fee.  *Id.* (Doc. No. 7).

19      [2] *See Calhoun v. VAMC San Diego, et al.*, 08-cv-02064 (S.D. Cal. Nov. 7, 2008); *Calhoun v.
San Diego County, et al.*, 10-cv-00434 (S.D. Cal. Feb. 25, 2010); *Calhoun v. San Diego County and All
20  of Its Corrupt Partners, et al.*, 10-cv-01409 (S.D. Cal. July 6, 2010); *Calhoun v. San Diego County, et
al.*, 09-cv-01830 (S.D. Cal. Aug. 24, 2009); *Calhoun v. San Diego County, et al.*, 10-cv-01836 (S.D.
21  Cal. Sept. 3, 2010); *Calhoun v. San Diego County and All of Its Corrupt Partners, et al.*, 10-cv-02049
(S.D. Cal. Oct. 1, 2010); *Calhoun v. County, San Diego, et al.*, 10-cv-02489 (S.D. Cal. Dec. 3, 2010);
22  *Calhoun v. San Diego County, et al.*, 11-cv-00109 (S.D. Cal. Jan. 19, 2011); *Calhoun v. San Diego,
County of, et al.*, 11-cv-00425 (S.D. Cal. Mar. 2, 2011); *Calhoun v. San Diego County, et al.*, 10-cv-
23  00009 (S.D. Cal. Jan. 4, 2010); *Calhoun v. San Diego County*, et al., 10-cv-00271 (S.D. Cal. Feb. 4,
2010); *Calhoun v. San Diego Police Department, et al.*, 10-cv-01629 (S.D. Cal. Aug. 4, 2010); *Calhoun
24  v. San Diego County, et al.*, 10-cv-00441 (S.D. Cal. Feb. 26, 2010); *Calhoun v. San Diego County, et al.*,
10-cv-00522 (S.D. Cal. Mar. 11, 2010); *Calhoun v. San Diego County, et al.*, 10-cv-00965 (S.D. Cal.
25  May 5, 2010); *Calhoun v. San Diego County, et al.*, 10-cv-01126 (S.D. Cal. May 25, 2010); *Calhoun v.
County, San Diego, et al.*, 10-cv-02263 (S.D. Cal. Nov. 3, 2010); *Calhoun v. San Diego, County of, et
26  al.*, 11-cv-00655 (S.D. Cal. Apr. 1, 2011); *Calhoun v. San Diego, County of, et al.*, 11-cv-01271 (S.D.
Cal. June 9, 2011); *Calhoun v. San Diego, County of, et al.*, 11-cv-00969 (S.D. Cal. May 4, 2011);
27  *Calhoun v. County of San Diego*, 11-cv-02105 (S.D. Cal. Sept. 13, 2011); *Calhoun v. San Diego, County
of, et al.*, 12-cv-00955 (S.D. Cal. Apr. 18, 2012); *Calhoun v. San Diego, County of, et al.*, 11-cv-02697
28  (S.D. Cal. Nov. 18, 2011); *Calhoun v. San Diego County and All of Its Corrupt Parties, et al.*, 12-cv-
01945 (S.D. Cal. Aug. 7, 2012); *Calhoun v. San Diego, County of, et al.*, 12-cv-02070 (S.D. Cal. Aug.
22, 2012); and *Calhoun v. San Diego County, et al.*, 12-cv-02596, (S.D. Cal. Oct. 24, 2012).

1  Cir.1987).  Thus, the Court "may deny leave to proceed *in forma pauperis* at the outset if it appears from

2  the face of the proposed complaint that the action is frivolous or without merit."  *Tripati*, 821 F.3d at

3  1370 (*citing Reece v. Washington*, 310 F.2d 139, 140 (9th Cir.1962); *Smart v. Heinze*, 347 F.2d 114, 116

4  (9th Cir.), *cert. denied*, 382 U.S. 896, 86 S.Ct. 192, 15 L.Ed.2d 153 (1965)).  "It is the duty of the

5  District Court to examine any application for leave to proceed *in forma pauperis* to determine whether

6  the proposed proceeding has merit[,] and if it appears that the proceeding is without merit, the court is

7  bound to deny a motion seeking leave to proceed *in forma pauperis*."  *Smart*, 347 F.2d at 116 (citations

8  omitted); *accord Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998); *Tripati v. First Nat'l*

9  *Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

10  As discussed in further detail below, Plaintiff's Complaint claims that Defendants have

11  attempted to murder him on numerous occasions since 2008 and have murdered all of his family and

12  friends.  (Doc. No. 1).  He seeks relief in the form of "(1) 2.7 billion dollars (2) a beach house and

13  Bugatti, (3) Calhoun fortune."  *Id.*  Plaintiff has pled versions of these claims in numerous other cases

14  and they have been found frivolous under 28 U.S.C. § 1915(e)(2).  In those cases and in this one,

15  Plaintiff has simply failed to state a claim upon which relief may be granted.  Accordingly, Plaintiff's

16  Complaint is dismissed with prejudice and Plaintiff's IFP Motion is DENIED as moot.

17

18  **B.  PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**

19  In light of the dismissal of Plaintiff's Complaint, Plaintiff's Request for Appointment of Counsel

20  is DENIED as moot.

21

22  **C.  PLAINTIFF'S RESPONSE TO THE COURT'S VEXATIOUS LITIGANT OSC**

23  The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter

24  prefiling orders against vexatious litigants.  *Weissman v. Quail Lodge Inc.,* 179 F.3d 1194, 1197 (9th

25  Cir. 1999).  A district court may enter a prefiling order barring a litigant from commencing any new

26  actions without first obtaining permission from the court.  *See, e.g., O'Loughlin v. Doe,* 920 F.2d 614,

27  616 (9th Cir. 1990) (requiring pro se inmate deemed a vexatious litigant to show good cause before

28  being permitted to file future actions); *De Long v. Hennessey,* 912 F.2d 1144, 1146-47 (9th Cir. 1990)

12cv2596

1   (prohibiting filings of pro se litigant proceeding IFP without leave of the district court); *Moy v. United*

2   *States,* 906 F.2d 467, 469 (9th Cir. 1990) (forbidding *pro se* plaintiff from filing further complaints

3   without prior approval of district court).  However, such prefiling orders are an extreme remedy that

4   should rarely be used.  *De Long,* 912 F.2d at 1147.  Courts should not enter prefiling orders with undue

5   haste because such sanctions can tread on a litigant's due process right of access to the courts.  *Cromer*

6   *v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 817 (4th Cir. 2004); *Moy,* 906 F.2d at 470; *see also Logan v.*

7   *Zimmerman Brush Co.,* 455 U.S. 422, 429 (1982) (noting that the Supreme Court traditionally has held

8   that the Due Process Clause protects civil litigants who seek recourse in the courts, either as defendants

9   hoping to protect their property or as plaintiffs attempting to redress grievances); 5A Charles Alan

10  Wright & Arthur R. Miller, Federal Practice and Procedure § 1336.3 at 698 (3d ed. 2004).

11          Nevertheless, flagrant abuse of the judicial process cannot be tolerated because it enables one

12  person to preempt the use of judicial time that properly could be used to consider the meritorious claims

13  of other litigants.  *De Long,* 912 F.2d at 1148; *see O'Loughlin,* 920 F.2d at 618.  Thus, in *De Long,* the

14  Ninth Circuit outlined four factors for district courts to examine before entering prefiling orders.  First,

15  the litigant must be given notice and a chance to be heard before the order is entered.  *De Long,* 912

16  F.2d at 1147.  Second, the district court must compile an adequate record for review.  *Id.* at 1148.  Third,

17  the district court must make substantive findings about the frivolous or harsassing nature of the

18  plaintiff's litigation.  *Id.*  An adequate record for review should include a listing of all the cases and

19  motions that led the district court to conclude that a vexatious litigant order was needed.  *See In re*

20  *Martin-Trigona,* 737 F.2d 1254, 1270-74 (2d Cir. 1984).  The record must demonstrate that the litigant's

21  activities were numerous or abusive.  *See, e.g. Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705

22  F.2d 1515, 1523, 1526 (35 related complaints filed); *In re Oliver,* 682 F.2d 443, 444 (3d Cir. 1982)

23  (over 50 frivolous cases filed); *In re Green,* 669 F.2d 779, 781 (D.C. Cir. 1981) (per curiam) (over 600

24  complaints filed).  Finally, the vexatious litigant order must be narrowly tailored to closely fit the

25  specific vice encountered.  *De Long,* 912 F.2d at 1147.

26

27

28

1

### *Discussion*

2

### *a. Notice and Opportunity to be Heard*

3      Here, the first *De Long* factor require notice and opportunity to be heard by the plaintiff is

4   satisfied.  On October 31, 2012, the Court entered an order to show cause why the Court should not find

5   Plaintiff vexatious (hereinafter referred to as "OSC").  (Doc. No. 4).  Subsequently, Plaintiff submitted a

6   response to the Court's Order with a copy of the OSC attached and containing further allegations of

7   corruption and attempted murder.  (Doc. No. 10).  Insomuch as Plaintiff was provided with notice and

8   the opportunity to respond to the Court's OSC, the Court finds the first factor has been met.

9

### *b. Adequate Record of Frivolous Findings*

10      The second *De Long* factor requires the Court to create an "adequate record for review" that

11   includes a "listing of all the cases and motions that led the district court to conclude that a vexatious

12   litigant order was needed."  *De Long*, 912 F.2d at 1147.  As noted in the Court's OSC, Plaintiff has filed

13   twenty-six complaints in federal court alleging that Defendants killed his family and are attempting to

14   murder him, including the instant action.[3]  In these twenty-six cases, Plaintiff has made a variety of

15   similar claims alleging attempted murder, the murder of his friends and family, rape, and theft.  On the

16   whole, the claims are repetitive and overlap significantly.  In one complaint, Plaintiff acknowledges that

17   he is "suing for the 14th time for 1.4 billion dollars, a beach house and Bugatti and the rich Calhoun

18

_____

19   [3] *See Calhoun v. VAMC San Diego, et al.*, 08-cv-02064 (S.D. Cal. Nov. 7, 2008); *Calhoun v. San Diego County, et al.*, 10-cv-00434 (S.D. Cal. Feb. 25, 2010); *Calhoun v. San Diego County and All of Its Corrupt Partners, et al.*, 10-cv-01409 (S.D. Cal. July 6, 2010); *Calhoun v. San Diego County, et al.*, 09-cv-01830 (S.D. Cal. Aug. 24, 2009); *Calhoun v. San Diego County, et al.*, 10-cv-01836 (S.D. Cal. Sept. 3, 2010); *Calhoun v. San Diego County and All of Its Corrupt Partners, et al.*, 10-cv-02049 (S.D. Cal. Oct. 1, 2010); *Calhoun v. County, San Diego, et al.*, 10-cv-02489 (S.D. Cal. Dec. 3, 2010); *Calhoun v. San Diego County, et al.*, 11-cv-00109 (S.D. Cal. Jan. 19, 2011); *Calhoun v. San Diego, County of, et al.*, 11-cv-00425 (S.D. Cal. Mar. 2, 2011); *Calhoun v. San Diego County, et al.*, 10-cv-00009 (S.D. Cal. Jan. 4, 2010); *Calhoun v. San Diego County*, et al., 10-cv-00271 (S.D. Cal. Feb. 4, 2010); *Calhoun v. San Diego Police Department, et al.*, 10-cv-01629 (S.D. Cal. Aug. 4, 2010); *Calhoun v. San Diego County, et al.*, 10-cv-00441 (S.D. Cal. Feb. 26, 2010); *Calhoun v. San Diego County, et al.*, 10-cv-00522 (S.D. Cal. Mar. 11, 2010); *Calhoun v. San Diego County, et al.*, 10-cv-00965 (S.D. Cal. May 5, 2010); *Calhoun v. San Diego County, et al.*, 10-cv-01126 (S.D. Cal. May 25, 2010); *Calhoun v. County, San Diego, et al.*, 10-cv-02263 (S.D. Cal. Nov. 3, 2010); *Calhoun v. San Diego, County of, et al.*, 11-cv-00655 (S.D. Cal. Apr. 1, 2011); *Calhoun v. San Diego, County of, et al.*, 11-cv-01271 (S.D. Cal. June 9, 2011); *Calhoun v. San Diego, County of, et al.*, 11-cv-00969 (S.D. Cal. May 4, 2011); *Calhoun v. County of San Diego*, 11-cv-02105 (S.D. Cal. Sept. 13, 2011); *Calhoun v. San Diego, County of, et al.*, 12-cv-00955 (S.D. Cal. Apr. 18, 2012); *Calhoun v. San Diego, County of, et al.*, 11-cv-02697 (S.D. Cal. Nov. 18, 2011); *Calhoun v. San Diego County and All of Its Corrupt Parties, et al.*, 12-cv-01945 (S.D. Cal. Aug. 7, 2012); *Calhoun v. San Diego, County of, et al.*, 12-cv-02070 (S.D. Cal. Aug. 22, 2012); and *Calhoun v. San Diego County, et al.*, 12-cv-02596, (S.D. Cal. Oct. 24, 2012).

12cv2596

1  family fortune." ; *Calhoun v. County, San Diego, et al.*, 10-cv-02263 (S.D. Cal. Nov. 3, 2010) (Doc.

2  No. 1).  Furthermore, Plaintiff's claims are not the only repetitive aspect of his numerous cases.

3  Although there is some variation in which Defendants are named in each action, this appears to be

4  simply the result of Plaintiff continually adding defendants to each subsequent complaint.  As discussed

5  in more detail with regard to the third *De Long* factor, Plaintiff's complaints are not only numerous, but

6  they have been found to be patently without merit in every instance except one in which the case was

7  closed on procedural grounds.[4]  Considering the numerous actions filed by Plaintiff and the repetitive

8  nature of the claims, the Court finds that the second *De Long* factor indicates a vexatious order is

9  warranted.

10  ### *c.  Substantive Findings of Frivolousness or Harassment*

11      The third *De Long* factor requires the Court to make substantive findings regarding the frivolous

12  or harassing nature of the Plaintiff's litigation.  *De Long*, 912 F.2d at 1148.  As noted with regard to the

13  second factor, Plaintiff has filed twenty-six cases in the Southern District of California to date.  In all but

14  two of these cases, the court sua sponte dismissed Plaintiff's case with prejudice by finding it "frivolous

15  or malicious" pursuant to 28 U.S.C. § 1915(e)(2).  As discussed in one of the cases not dismissed under

16  U.S.C. § 1915(e)(2), Plaintiff's case appeared "to be a successive attempt to litigate or seek

17  reconsideration of claims that have been repeatedly dismissed with prejudice."  *Calhoun v. County, San*

18  *Diego, et al.*, 10-cv-02489 (S.D. Cal. Dec. 3, 2010)(Doc. No. 4, p. 2).  As in this instance, Plaintiff's

19  complaint alleged attempted murder, rape, and theft.  *Id.* (Doc. No. 1).  Having determined that these

20  claims were previously dismissed with prejudice in an earlier case, the Court correctly noted that if

21  Plaintiff "believed the decision in a previous case was wrong, his remedy would be to appeal when his

22  claims were dismissed the first time, not continue to refile complaints raising the same dismissed

23  claims."  *Id.*  Thus, the Court dismissed Plaintiff's claims with prejudice as having already been litigated

24  rather than utilizing its sua sponte powers under 28 U.S.C. § 1915(e)(2).  *Id.*  Nevertheless, Plaintiff has

25  continued in this course of action and filed numerous cases realleging the same claims following the

26  court's order.

27  ─────────────

28      [4] As noted in footnote 1, the exception was in *Calhoun v. San Diego County*, et al., 10-cv-00271 (S.D. Cal. Feb. 4, 2010), in which the merits of Plaintiff's case were not reached because the case closed following the court's denial of Plaintiff's Motion to Proceed *In Forma Pauperis.*

1    Considering Plaintiff's previous cases and the nature of his claims, the record reflects that

2    Plaintiff's activities are numerous, repetitive, and abusive.  Plaintiff's claims have consistently been

3    found to be frivolous and dismissed accordingly.  Additionally, as a result of Plaintiff's behavior, the

4    Court has on three different occasions ordered that Plaintiff may only enter the United States

5    Courthouse or the United States Federal Office Building when he has official business therein.  (*See*

6    Case No. 10mc0967, Doc. Nos. 1-3.)  As an added measure, the Court ordered that Plaintiff be escorted

7    by the U.S. Marshals or Court Security Officers whenever he is present in either building.  *Id.*  Overall,

8    Plaintiff's conduct and repetitive filings of the same claims, all of which fail to state a cause of action

9    upon which relief may be granted, provide sufficient basis for this Court to make a substantive finding

10   of frivolousness or harassment.  This satisfies this third *De Long* factor.

11   ### *d.  Breadth of the Vexatious Litigant Order*

12   Having found the first three *De Long* factors to be satisfied, the Court considers Bruce Derrick

13   Calhoun to be a vexatious litigant.  In order to issue a vexatious litigant order, Court must now craft a

14   narrowly tailored pre-filing restriction to closely fit the specific vice encountered.  *De Long*, 912 F.2d at

15   1148.  Based upon the recurring nature of Plaintiff's claims in his previous cases, Plaintiff is hereby

16   ordered to file a motion for leave to file a complaint before filing any new litigation in the Southern

17   District of California alleging attempted murder, the murder of his friends and family, rape, or theft.

18   Plaintiff must submit a copy of this order and a copy of the proposed filing with every motion for leave.

19   This will allow a reviewing judge to assess whether the proposed filing has merit or simply reasserts

20   frivolous claims that have been dismissed with prejudice in previous cases.

21

22   ### D.  CONCLUSION

23   Based on the foregoing, it is hereby ORDERED that Plaintiff's Complaint is DISMISSED WITH

24   PREJUDICE.  Insomuch as the case is dismissed, it is ORDERED that Plaintiff's Request for

25   Appointment of Counsel (Doc. No. 2) and Plaintiff's Motion to Proceed IFP (Doc. No. 3) are DENIED

26   as moot.  It is further ORDERED that Plaintiff be deemed a vexatious litigant.  Plaintiff is hereby

27   ORDERED to file a motion for leave to file a complaint before filing any new litigation in the Southern

28

12cv2596

1    District of California alleging attempted murder, the murder of his friends and family, rape, or theft.

2    Plaintiff must submit a copy of this order and a copy of the proposed filing with every motion for leave.

3              IT IS SO ORDERED.

4

5    DATED:  November 20, 2012

6    _____
     Hon. Anthony J. Battaglia
7    U.S. District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28